UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LORI GROHOL, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS, et al.

Defendants.

CIVIL ACTION NO. 4:26-CV-01437

(MEHALCHICK, J.)

## MEMORANDUM

Before the Court are six emergency motions for temporary restraining orders filed by Lori Grohol ("Grohol"). (Doc. 2; Doc. 3; Doc. 4; Doc. 5; Doc. 8; Doc. 9). Along with her fourth motion for a temporary restraining order (Doc. 5), Grohol filed a brief in support. (Doc. 7). Grohol initiated this action on May 26, 2026, alleging *inter alia* mass malpractice by Defendants. (Doc. 1). This case stems from Grohol's replevin action in the Northumberland County Court of Common Pleas, in which Grohol's counsel in that matter, Attorney Schwartz from North Penn Legal Services, has allegedly failed to proceed with case for six years. (Doc. 2, at 3). For the following reasons Grohol's motions for a temporary restraining order (Doc. 2; Doc. 3; Doc. 4; Doc. 5; Doc. 8; Doc. 9) are **DENIED**.

## I.    LEGAL STANDARD

A temporary restraining order ("TRO") constitutes "an extraordinary and drastic remedy. . .that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks and citation omitted). A TRO is intended to preserve the *status quo*. *See Bullock v. Carney*, 463 F. Supp. 3d

519, 523 (D. Del. 2020), *aff'd*, 806 Fed. Appx. 157 (3d Cir. 2020), *and aff'd*, 20-2096, 2020 WL 7038527 (3d Cir. June 4, 2020); *see also Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To determine whether to issue a TRO, the court assesses (1) whether the movant has "a reasonable probability of eventual success in the litigation"; (2) whether the movant "will be irreparably injured . . . if relief is not granted"; (3) "the possibility of harm to other interested persons from the grant or denial of the injunction"; and (4) "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176–77 (3d Cir. 2017).

In assessing these factors, the Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." *Ortho Biotech Products, L.P. v. Amgen Inc.*, 2006 WL 3392939 at *5 (D.N.J.) (quoting *Apollo Tech Corp. v. Centrosphere Indus. Corp.*, 805 F. Supp. 1157, 1205 (D.N.J. 1992)). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). To show likelihood of success on the merits, a plaintiff need only show "a reasonable chance, or probability, of winning." *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011).

## II.    DISCUSSION

First, Grohol requests inter alia that the Court issue a TRO requiring Attorney Schwartz from North Penn Legal Services to either represent Grohol meaningfully, arrange substitute counsel, or move to withdraw with full client-protective safeguards in Grohol's underlying state court case. (Doc. 2, at 10). Second, Grohol requests inter alia that the Court order Defendants not to retaliate Attorney Martineau, Grohol's counsel in this matter, for Attorney Martineau's criticism of Defendants and Attorney Martineau's exercise of her First Amendment rights. (Doc. 3, at 3; Doc. 4, at 4; Doc. 5, at 5; Doc. 8, at 1). Third, Grohol

2

requests that the Court issue a TRO and protective order protecting Attorney Martineau from adverse action while Attorney Martineau appears in the Snyder County Courthouse for an unrelated matter. (Doc. 9, at 1-2). The Court will address each of Grohol's requests for a TRO in turn.

    A. GROHOL'S REQUEST THAT THE COURT REQUIRE NORTH PENN LEGAL SERVICES TO REPRESENT GROHOL MEANINGFULLY IN THE UNDERLYING MATTER IS BARRED BY THE *YOUNGER* ABSTENTION DOCTRINE.

Grohol's request that the Court issue a TRO requiring Attorney Schwartz of North Penn Legal Services to represent Grohol meaningfully, arrange substitute counsel, or move to withdraw with full client-protective safeguards in Grohol's state court case is barred by the *Younger* abstention doctrine. (Doc. 2, at 10). The *Younger* abstention doctrine, informed by the principles of comity, provides federal courts discretion to abstain from exercising jurisdiction over a claim when a resolution of that claim would interfere with an ongoing state proceeding. *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971); *Addiction Specialties, Inc. v. Twp. Of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005). The *Younger* abstention doctrine allows a district court to abstain from exercising jurisdiction over a particular claim, but that discretion can properly be exercised only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. *Kendall*, 572 F.3d at 130 (citing *Matusow v. Trans-County Title Agency, LLC*, 545 F.3d 241, 248 (3d Cir. 2008)). Once these three legal requirements are met, the decision to abstain rests in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. *Lui v. Commission on Adult Entertainment Establishments*, 369 F.3d 319, 325 (3d Cir. 2004).

Grohol's replevin matter is ongoing in the Northumberland County Court of Common Pleas, where Grohol can fully and fairly litigate the issues of her representation. (Doc. 2, at 5); *see C.E. Williams Co. v. Henry B. Pancoast Co.*, 194 A.2d 189 (Pa. Super. Ct. 1963) (holding the question of whether an attorney should be permitted to withdraw is within the discretion of the trial court). Attorney Martineau may move to withdraw Attorney Schwartz and substitute herself in Grohol's state court proceeding, avoiding unnecessary federal court interference with the ongoing state court case. Rules of Professional Conduct 1.16(b) ("a lawyer may withdraw . . . if withdrawal can be accomplished without material adverse effect on the interests of the client"); Pa.R.C.P. No. 1012(b) ("An attorney's appearance for a party may not be withdrawn without leave of court unless another attorney has entered or simultaneously enters an appearance for the party . . ."). Moreover, the State of Pennsylvania has an important interest in maintaining and ensuring the professional conduct of its attorneys and the adequate representation of parties in state court. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434-35 (1982). The due process concerns associated with Grohol's representation breakdown with North Penn Legal Services and Attorney Schwartz can also be adequately addressed in the state court proceedings, where the attorney-client relationship breakdown occurred. *Burt v. Titlow*, 571 U.S. 12, 19 (2013) (quoting *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States"). With the legal requirements for *Younger* abstention fully met, the Court's proper exercise of the discretion weighs in favor of abstention and Grohol's request for a TRO requiring North Penn Legal Services to represent Grohol meaningfully, arrange substitute counsel, or move

to withdraw with full client-protective safeguards in the underlying state court proceeding is **DENIED**. (Doc. 2).

> B. GROHOL'S REQUESTS THAT THE COURT ORDER DEFENDANTS TO NOT RETALIATE AGAINST ATTORNEY MARTINEAU ARE UNRELATED TO GROHOL'S INSTANT CASE.

Grohol's requests that the Court order Defendants not to retaliate against Attorney Martineau, for Attorney Martineau's criticism of Defendants and Attorney Martineau's exercise of her First Amendment rights are unrelated to Grohol's instant case. (Doc. 3, at 3; Doc. 4, at 4; Doc. 5, at 5; Doc. 8, at 1). "[B]ecause the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of underlying claims on the merits, the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *Preacher v. Overmyer*, No. 1:17-CV-18, 2019 WL 3213533, at *2 (W.D. Pa. July 17, 2019) (citing *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). Federal district courts lack jurisdiction over claims raised in motions for injunctive relief, where those matters are unrelated to the underlying complaint. *Stewart v. Verano*, 2015 WL 1636124, at *2 (M.D. Pa. April 8, 2015); *Preacher*, 2019 WL 3213533, at *2.

The alleged silencing of Attorney Martineau at Defendant Union County Criminal Justice Advisory's board meeting by Judge Michael Piecuch and the alleged retaliation against Attorney Martineau with the cancellation of the Survivors of Tragedy Outreach Program ("STOP") Coalition meeting are unrelated to Grohol's underlying claims against Defendants for inter alia inadequate representation and mass malpractice. (*See* Doc. 1; Doc. 4, at 3; Doc. 5, at 7; Doc. 8, at 1-2). Speculative future retaliation against Attorney Martineau for her criticisms of Defendants are likewise unrelated to Grohol's underlying claims. (*See*

Doc. 1; Doc. 3, at 3). While Attorney Martineau may pursue her own litigation to remedy the alleged violations of her First Amendment rights, the Court does not have jurisdiction to hear Attorney Martineau's claims that are unrelated to her client's complaint. *Ball*, 396 Fed. Appx. at 837; *Preacher*, 2019 WL 3213533, at *2; *Stewart*, 2015 WL 1636124, at *2. Accordingly, Grohol's requests that the Court order Defendants not to retaliate against Attorney Martineau, for Attorney Martineau's criticism of Defendants and Attorney Martineau's exercise of her First Amendment rights are **DENIED**. (Doc. 3, at 3; Doc. 4, at 4; Doc. 5, at 5; Doc. 8, at 1).

C. GROHOL'S REQUEST FOR THE COURT TO PROTECT ATTORNEY MARTINEAU FROM ADVERSE ACTION ON MAY 29, 2026 IS MOOT.

Grohol's request that the Court issue a TRO and protective order protecting Attorney Martineau from adverse action while Attorney Martineau appears in the Snyder County Courthouse for an unrelated matter is moot. (Doc. 9, at 1-2). On May 29, 2026, Attorney Martineau filed an emergency motion for a TRO and protective order from 2:00 p.m. to 8:00 p.m. for that same day, while she appeared for an unrelated matter in the Snyder County Courthouse. (Doc. 9, at 1-2). Attorney Martineau filed the motion for TRO and protective order because Defendant Brian Ulmer was to appear at the proceeding. (Doc. 9, at 1-2). The relief Attorney Martineau requests is outside of the Court's jurisdiction because her appearance in an unrelated matter at the Snyder County Courthouse is unrelated to her client, Grohol's claims. *See supra* Section III.B; *Ball*, 396 Fed. Appx. at 837; *Preacher*, 2019 WL 3213533, at *2; *Stewart*, 2015 WL 1636124, at *2. Additionally, the relief Attorney Martineau requested for May 29, 2026, is now moot. Accordingly, Grohol's request that the Court issue a TRO and protective order protecting Attorney Martineau from adverse action while

Attorney Martineau appears in the Snyder County Courthouse for an unrelated matter is **DENIED as moot.** (Doc. 9).

III.    CONCLUSION

For the foregoing reasons, Grohol's motions for a TRO (Doc. 2; Doc. 3; Doc. 4; Doc. 5; Doc. 8; Doc. 9) are **DENIED**. Grohol's request for a TRO requiring North Penn Legal Services to represent Grohol meaningfully, arrange substitute counsel, or move to withdraw with full client-protective safeguards in the underlying state court proceeding is barred by the *Younger* abstention doctrine and **DENIED**. (Doc. 2). Grohol's requests that the Court order Defendants not to retaliate against Attorney Martineau, for Attorney Martineau's criticism of Defendants and Attorney Martineau's exercise of her First Amendment rights are **DENIED**. (Doc. 3; Doc. 4; Doc. 5; Doc. 8). Finally, Grohol's request that the Court issue a TRO and protective order protecting Attorney Martineau from adverse action while Attorney Martineau appears in the Snyder County Courthouse for an unrelated matter is **DENIED as moot.** (Doc. 9).

 

**BY THE COURT:**

**Date: June 2, 2026**                    *s/ Karoline Mehalchick*
                                                **KAROLINE MEHALCHICK**
**United States District Judge**