IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LORI GROHOL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AOPC, et al.,

Defendants.

Civil Action No. 4:26-cv-1437

MOTION FOR SANCTIONS AND REQUEST FOR OFFICE OF DISCIPLINARY COUNSEL TO INVESTIGATE JUDGE OR JUDICIAL LAW CLERK FOR INCOMPETENCE REGARDING ROOKER-FELDMAN DOCTRINE

## Introduction

1. If the Court has inherent power to sanction anyone, it has the power to sanction itself.
2. According to them, that is what the separation of powers means, and they forbid anyone else from sanctioning them.

3. Plaintiff now seeks sanctions against the judge or judicial law clerk who demonstrated total incompetence with regard to the Rooker-Feldman doctrine, and for the ODC to pursue an emergency temporary suspension of law license, if they have one, against them.
4. Defendant Office of Disciplinary Counsel has claimed, since January of 2026, that they can deprive Plaintiff of her attorney, even though no other attorney will help her.
5. They tried to obtain an emergency temporary suspension of her law license because they claimed she got the law wrong.
6. She didn't.
7. Plaintiff's counsel correctly claimed that state courts do not have jurisdiction to determine the applicability of the bankruptcy stay to civil contempt sanctions hearings for failing to complete a prepetition transfer of property pursuant to an equitable distribution agreement.
8. Because Plaintiff's counsel was correct, the Pennsylvania Supreme Court has declined to suspend her law license.
9. However, if what the ODC claims is true, and attorneys who get the law wrong in a filing are a threat to the public, then the ODC must investigate, under the same strict standards, the attorney who

frivolously and obviously without investigation applied the Rooker-Feldman doctrine to this case.

10. Plaintiff has now filed a separate complaint against the Middle District of Pennsylvania for its constitutional violations committed on or after the date of her first filing in 4:26-cv-1437.

11. As an aside-Rooker-Feldman is unconstitutional.

12. It is a way for Court's to manage their case loads without having to go to the legislature like they used to in the 1700s and 1800s, which they found annoying and time consuming.

13. There is absolutely nothing in the Constitution that would give the Court to power to create its own rules, to amend the Constitution, to enact laws, especially when it benefits the Court by giving them the same pay and the same salary with less work.

14. Moreover, as the separate complaint alleges, if there are statistically significant differences in the number of cases where a court invokes Rooker-Feldman to violate the Seventh Amendment and deny a jury trial right to litigant when the viewpoint expressed criticizes courts or there allies, or the defendants are courts and their allies, or is filed by an attorney who observed and is disclosing mass ethical violations at the same court, and cases when none of those facts are true, then the

Court itself is violating Equal Protection, the First Amendment, the Guarantee Clause, and plethora of other constitutional provisions.

15. However, even under existing law, it was absurd, incompetent, asinine, and a clear sign of bias to apply it in this case.

16. The fact that the Court incompetently applied Rooker-Feldman to this case proves that law school provides no competence, because anyone with an eighth-grade reading level and basic reasoning skills would have undertaken the following steps.

17. First, the judge or the law clerk could have checked Google for "when does the rooker feldman doctrine not apply," and they would have seen at least six exclusions, most of which apply to this case:




18.

AI Mode All Images Videos News More

## 2. Independent Claims (Different Source of Injury)

If the "source of injury" is an action by an opposing party rather than the state court's judgment itself, the claim is independent and can proceed. State Bar of Michigan

- **Example:** Suing a debt collector in federal court for Fair Debt Collection Practices Act (FDCPA) violations. Even if the collector previously secured a state court judgment against you, your federal lawsuit challenges their unlawful collection *actions*, not the validity of the state court order itself. Cotchett, Pitre & McCarthy, LLP

## 3. State Proceedings Were Never Final

Rooker-Feldman applies only to judgments that are final and no longer subject to review or appeal within the state court system. It does not bar federal intervention if the state case is still pending, on appeal, or the federal suit was filed before the state decision became final. abi.org +1

## 4. Fraud or Extrinsic Evidence Procured the Judgment

Depending on the specific federal circuit, some courts recognize an exception or

Ask anything

11 sites

**The Rooker-Feldman Doctrine: The Case for Putting it to Work, Not to Rest**
9. Lance v. Dennis, 546 U.S. 459 at 465 (2006) ("Although the District Court recognized the general rule that Rooker-...
University of Cincinnati

**The Rooker-Feldman Doctrine and Absent Class Members in ...**
It is true that factual allegations and legal claims in these four causes of action are...
Cotchett, Pitre & McCarthy, LLP

**The Limitations of the Rooker-Feldman Doctrine as a Defense to Avoidance ...**
" An important factor in Exxon Mobil is that the plaintiff was not seeking to overturn the state court. A number of courts...
American Bar Association

Show all

---

AI Mode All Images Videos News More

## 4. Fraud or Extrinsic Evidence Procured the Judgment

Depending on the specific federal circuit, some courts recognize an exception or limitation where the state court judgment was procured through extrinsic fraud, deception, or deliberate manipulation of the judicial process, rather than a mere legal error. St. John's Law Scholarship Repository

## 5. Independent Federal Statutes (e.g., Habeas Corpus)

Congress can explicitly authorize federal court intervention. A primary example is 28 U.S.C. Section 2254, which permits federal courts to grant a writ of habeas corpus to state prisoners even after a state court has denied relief. Wikipedia

## 6. Bankruptcy Proceedings

Federal courts handling bankruptcy have found that Rooker-Feldman has little to no application in avoidance actions and other independent claims specifically authorized under the federal Bankruptcy Code. American Bar Association

---

19. This information would have put any eighth-grader on notice that Rooker-Feldman does not apply to an ongoing replevin action where

the defendant is not the law firm, but landlord, as compared to a request in federal court to enforce the Constitution, the federal L.S.C. Act, the requirement to supervise federal dollars, 42 U.S.C. 1983, and Ex Parte Young against a law firm.

20. Obviously, competent legal research would have led to the same confusion.

21. If the judge or law clerk was still confused, they could have attempted secondary sources, which Google will also provide.

22. Before the Court mocks counsel for using AI to research-she didn't.

23. She used legal research and correctly determined that Rooker-Feldman does not apply.

24. The purpose of demonstrating what a simple Google search would show is to prove that lawyers and judges have less competence, not more competence, than what an eighth-grader who is not biased would be able to do.

25. If the judge or law clerk was confused, they could have clicked on the State Bar of Michigan's website, which is shown from the Google results.

    That website links to a formal bar journal article which explains, on the very first page, that when a state court judgment is not final, it

does not apply.

https://www.michbar.org/file/barjournal/article/documents/pdf4article1120.pdf

26. This is not an appeal of a state court order.

27. It's difficult to understand how that could be confusing.

28. However, if the law clerk or judge was really confused, they could have clicked on the ABI link, https://www.abi.org/feed-item/fiffth-circuit-restricts-rooker-feldman-doctrine-allowing-race-to-the-courthouse, which provides the following text:

> The Fifth Circuit has issued a new decision restricting application of the Rooker-Feldman doctrine and repudiating a prior precedent. Miller v. Dunn, Case No. 20-11054 (5th Cir. 6/2/22), which can be found here. Under the new rule, which brings the Fifth Circuit in line with other courts, Rooker-Feldman does not apply to a state court decision which is the subject of a pending appeal.
>
> Rooker-Feldman is one of several doctrines which enforces comity between state and federal courts. The Rooker-Feldman doctrine, which is based on Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) means that a federal court may not review and reverse a determination of a state court. Rooker-Feldman applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

What Happened

Dunn and Miller were parties to a divorce action filed in Dallas County state court in February 2013. Two additional state court cases followed. In 2018, Dunn sued Miller to modify their child custody arrangements. Miller removed the case to federal court, which remanded it. Miller removed the case a second time just an hour before a hearing on an emergency temporary restraining order.

Notwithstanding the removal, the state court went ahead with the hearing and entered an order barring Miller from seeing his children. Miller appealed the order contending that the state court lacked jurisdiction due to the removal.

While the appeal was pending, Miller brought suit in U.S. District Court for violation of his civil rights under 42 U.S.C. Sec. 1983. He sued Dunn, his ex-wife, other private individuals, the state judges, two police officers Dallas County and the City of Dallas. The magistrate judge sua sponte ordered Miller to show cause why the court had subject matter jurisdiction based on Younger abstention and Rooker-Feldman. Miller contended that Rooker-Feldman did not apply because the state court order was still under appeal. The magistrate judge recommended dismissal, which the district judge approved. Miller then appealed to the Fifth Circuit.

The Ruling

In a rare twist, the Fifth Circuit held that the pro se litigant was right and repudiated one of its precedents. In Hale v. Harney, 786 F.2d 688 (5th Cir. 1986), the Court held that Rooker-Feldman could apply even if the state court case was under appeal. However, the Supreme Court later ruled in Exxon Mobil, that Rooker-Feldman should only apply if all appeals had been exhausted in state court. The Supreme Court stated:

When there is parallel state and federal litigation, Rooker-Feldman is not triggered simply by the entry of judgment in state court. This Court has repeatedly held that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."
As understood by the Supreme Court, Rooker-Feldman allows state and federal proceeding to proceed on parallel tracks, but does not

allow a federal court to undo a state court ruling which is final and no longer subject to review.

The Fifth Circuit found that its Hale decision was incompatible with the later Supreme Court decision and should be rejected. "We conclude that Hale is no longer good law after Exxon Mobil and hold that Rooker-Feldman is inapplicable where a state appeal is pending when the federal suit is filed." Thus, the court reversed and allowed Miller's suit to continue.

What Does It Mean?

Does this mean that whenever someone loses in state court, they can file an appeal and then file a competing case in federal court? The answer is yes and no. The state court loser can file a competing suit, but will still have to deal with collateral estoppel. Collateral estoppel, which is also known as issue preclusion, says that:

Issue preclusion prevents a party from relitigating an issue only when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision."
Little River Healthcare Holdings, LLC v. Little River Healthcare Holdings, LLC, 2022 U.S. App. LEXIS 13449 (5th Cir. 5/18/22).
When collateral estoppel is invoked based upon a prior state court judgment, that state's law of collateral estoppel applies. Under Texas law, collateral estoppel applies to a judgment that is still being appealed. DeGonzalez v. Guilbot, 315 S.W.3d 533 (Tex. 2010). Thus, while Rooker-Feldman would not apply in this case, collateral estoppel might.

Is this a case of six of one, half dozen of another? Not necessarily. Rooker-Feldman is a jurisdictional bar meaning that the federal court lacks jurisdiction to hear the case. Collateral estoppel is an affirmative defense. Affirmative defenses can be waived. Thus, litigants should avoid falling into the trap of thinking that Rooker-Feldman is the sole answer to the problem.
Feed Original Url
http://stevesathersbankruptcynews.blogspot.com/2022/06/fiffth-circuit-restricts…

29. Obviously this should have lead to additional, competent research.

30. If the Office of Disciplinary Counsel does not open an investigation into whoever drafted the opinion, that person will be used as a "comparator" in the civil rights lawsuits, which will certainly be filed in Martineau and SLAAY's names once all the clients' are filed, and will be used to show that the Office of Disciplinary Counsel is engaging in Equal Protection violations which cause harm to Plaintiff by trying to stop Plaintiff from having an attorney to raise claims against attorneys.

31. She tried for years to find an attorney who would take her case, they all refused because they told her it would be career suicide to sue the courts, and finally Transitions referred her to SLAAY.

## Conclusion

Plaintiff respectfully requests that the Court direct Defendants respond to the Motions, schedule a hearing, and actually apply the Constitution and the law to the above-described Motion.

Respectfully submitted,

/s/ Paige Martineau

Paige Martineau

Counsel for Plaintiff

Pa. I.D. No. 325096

SLAAY

Susquehanna Legal Aid for Adults and Youth

218 Pine Street

Williamsport, PA 17701

570-392-3025