Case 4:26-cv-01437-JPW   Document 17   Filed 06/09/26   Page 1 of 6

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LORI GROHOL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS, et al.,<br><br>Defendants. | CIVIL ACTION NO. 4:26-CV-01437<br><br>(MEHALCHICK, J.) |

## MEMORANDUM

The practice of law and legal profession depend on a system of rules, procedures, and standards. The Federal Rules of Civil Procedure govern the procedure in all civil actions and proceedings in the United States district courts, and should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1. Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure. Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment. As comment 4 to Rule 3.5 of the Pennsylvania Rules of Professional Conduct notes, in pertinent part, "[t]he advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants." Pa. Rules of Pro. Conduct 3.5 cmt. 4.

Counsel's filings in this matter blatantly violate these principles and other rules of procedure. For the following reasons, and pursuant to the Court's authority to screen this

complaint pursuant to 28 U.S.C. § 1915(e)(2),[1] the action is dismissed. Plaintiff will be granted leave to file an amended complaint in compliance with this opinion.

Plaintiff initiated this action, through counsel, with the filing of a complaint that, together with its exhibits, is over 25,000 pages in length. The complaint alone is nearly 1,000 pages and contains 3,389 numbered paragraphs followed by 32 paragraphs of relief sought. (Doc. 1). It names sixty-two defendants. After counsel cursorily alleges that Plaintiff has been "harmed by mass malpractice" by Defendant North Penn Legal Services, Inc. and retaliated against by the remaining defendants (Doc. 1, ¶ 1), the complaint then goes on for the next 921 pages describing the actions of the defendants, almost all of which appear unrelated to each other, and reciting general dissatisfaction with the general work of each of the defendants in their different capacities, along with claims by counsel and Plaintiff of retaliation by the defendants. Included among the thousands of paragraphs are threats that if this Court should dismiss the complaint, Plaintiff is prepared to file 75 separate motions for injunction and 651 separate complaints. (Doc. 1, ¶¶ 8, 12).

A complaint **must** contain a **short and plain** statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2) (emphasis added). Plaintiff's complaint is the antithesis of "short and plain" and must be dismissed for patently failing to comply with the Rules of Civil Procedure. The complaint, as it stands, violates the principal function of pleadings under the federal rules, that being "to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Kamdem-Ouaffo v. Huczko*, 810

---

[1] Plaintiff moves for leave to proceed *in forma pauperis*. (Doc. 6). That motion is **GRANTED**. As such, this Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2), which permits the court to dismiss, at any time, an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fed. App'x. 82, 84 (3d Cir. 2020); quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).[2] Further, as the Third Circuit notes, '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Kamdem-Ouaffo*, 810 Fed. App'x at 84; quoting *Salahuddin*, 861 F.2d at 42 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)). Plaintiff's complaint puts an unwarranted, unjustified, and wholly unreasonable burden upon the Court and the defendants to ferret through thousands of paragraphs and pages of unspecified and unrelated complaints, arguments, and conclusory statements to determine if there are actually any facts stated that might support any cause of action over which this Court has jurisdiction. The Court will not put that burden on the defendants here. Plaintiff's complaint is dismissed without prejudice and with leave to file an amended complaint that is in compliance with Federal Rule of Civil Procedure 8.

Contemporaneously with the complaint, counsel filed six emergency motions for temporary restraining orders (Doc. 2; Doc. 3; Doc. 4; Doc. 5; Doc. 8; Doc. 9). Given the emergency nature alleged by the motions, the Court reviewed them promptly and determined that there was no basis alleged for the emergency relief sought. (Doc. 10; Doc. 11). Unhappy with that outcome, Plaintiff, again through counsel, filed a motion for reconsideration (Doc. 12) and two motions for sanctions (Doc. 13; Doc. 14) against the undersigned and her staff. For the following reasons, these motions are denied.

---

[2] The Court notes that these cases involve pleadings filed by *pro se* litigants. Astoundingly, in the instant matter, **it is a licensed attorney** who has so blatantly violated Rule 8's confines.

3

First, an operative complaint must be in existence before a plaintiff may be granted injunctive relief. *See Gu v. Wang*, No. CV 24-4348, 2025 WL 2734105, at \*1 (D.N.J. Sept. 25, 2025) (stating "Federal Rule of Civil Procedure 65, which governs injunctive relief, requires the existence of an operative complaint"). Because there is no longer an operative complaint in this case, the Court may not grant any preliminary injunctive relief. *See Keene v. Cheeks*, No. 25-7375, 2026 WL 194494, at \*3 (D.N.J. Jan. 26, 2026) (stating "[a] motion for temporary restraining order is denied as moot when the complaint is dismissed on the merits, because the underlying case is gone"); *see also Tunsil v. Taylor*, No. 1:25-CV-00879, 2025 WL 1872490, at \*4 (M.D. Pa. July 7, 2025) (denying a motion for a preliminary injunction because the case did not have an operative complaint). Accordingly, Plaintiff's request that the Court reconsider its rulings on the motions for emergency relief is denied.

Next, the Court considers the motions for sanctions filed by Plaintiff. As Plaintiff's counsel presumably understands, when one wishes to pursue review of an adverse ruling, the appropriate course of conduct is to file a motion for reconsideration or take an appeal of that ruling. Instead, counsel asks this Court to sanction itself because she disagrees with the Court's rulings. As there is no operative complaint in this case, the Court will deny these motions at this juncture. Further, counsel is reminded that pursuant Rule 12 of the Federal Rules of Civil Procedure, a court may strike *sua sponte* any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter has no essential or important relationship to the claim for relief, impertinent matter does not pertain and is not necessary, and scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action, or detract from the dignity of the court. *Zaloga v. Provident Life and Acc. Ins. Co. of America*, 671 F.Supp.2d 623, 633

4

(M.D.Pa. 2009); citing *Donnelly v. Commonwealth Fin. Sys.,* No. 07–CV–1881, 2008 WL 762085, at *4 (M.D.Pa. 2008). Counsel's remarks that the Court's ruling proves that "law school provides no competence" and suggestion that "anyone with an eighth-grade reading level" would have simply have checked Google for the answers in this case (Doc. 13, ¶¶ 16, 17) are wholly inappropriate and impertinent, and detract from the dignity of the legal profession and the court. Counsel's threat (Doc. 1, ¶¶ 8, 12) that she is prepared to file 75 separate motions for injunction and 651 separate complaints should the Court dismiss this complaint is equally immaterial, impertinent, and scandalous, and warrants being stricken pursuant to Rule 12(f).

Finally, counsel is reminded of her professional obligations, both pursuant to the Pennsylvania Rules of Professional Conduct and this Court's Code of Professional Conduct. As noted *supra*, counsel's function is to present evidence and argument so that the cause may be decided according to law; she should refrain from abusive or obstreperous conduct. Pa. Rules of Pro. Conduct 3.5 cmt. 4. Further, counsel is reminded of the following parts of this Court's Code of Professional Conduct:

2. I will treat with civility and respect the lawyers, clients, opposing parties, the court and all the officials with whom I work. Professional courtesy is compatible with vigorous advocacy and zealous representation. Even though antagonism may be expected by my client, it is not part of my duty to my client.

   …

8. I will not engage in conduct that brings disorder or disruption to the courtroom. I will advise my client and witnesses appearing in court of the proper conduct expected and required there and, to the best of my ability, prevent my client and witnesses from creating disorder or disruption.

   M.D. Pa. Code of Pro. Conduct r. 2, 8.

To date, counsel's filings have not been civil. The pleadings are the definition of disorder and are not respectful. They fail to present evidence or argument such that her client's cause may be decided according to the law. Counsel is directed to refrain from making impertinent, irrelevant, scandalous remarks about this or any other court or court staff. If she continues to do so, the Court will schedule a hearing to determine if sanctions are warranted.

For the foregoing reasons, the complaint is dismissed. Plaintiff is granted 14 days from the date of the accompanying Order to file an amended complaint that complies with the Federal Rules of Civil Procedure. Plaintiff's motion for reconsideration and motions for sanctions are denied.

An appropriate Order follows.

BY THE COURT:

Date: June 9, 2026

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**