### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI GROHOL, *individually and on behalf of all others similarly situated*, | : | Civil No. 4:26-CV-01437 |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### <u>MEMORANDUM</u>

Plaintiff Lori Grohol is represented by counsel and has been granted leave to proceed *in forma pauperis* in this action.  She has been litigating this case extensively since filing suit on May 26, 2026.  Presently before the court are Plaintiff's amended complaint for screening, as well as numerous pending motions.  For the reasons stated in this memorandum, Plaintiff's amended complaint will be dismissed with prejudice and her motions will be dismissed or deemed withdrawn.  As a result, this case will be closed.

### PROCEDURAL BACKGROUND

Plaintiff, through counsel, Paige J. Martineau, Esq., filed the original complaint in this matter on May 26, 2026.  (Doc. 1.)  The original complaint was 922 pages long with 3,389 numbered paragraphs, excluding the additional paragraphs comprising the prayer for relief, and 28 claims.  (*Id.*)  Inclusive of the attached exhibits, Plaintiff's original pleading included 25,197 pages.  (Docs. 1,1-1

1

through 1-9.)  Plaintiff originally named over 150 disparate defendants ranging from the Administrative Office of Pennsylvania Courts to the Bloomsburg Fair Association to the Federal Judicial Center to the Pennsylvania Board of Law Examiners to the Pennsylvania General Assembly to the United States Congress, among many others.  (*See* Doc. 1.)

On June 9, 2026, the Honorable Karoline Mehalchick granted Plaintiff's motion to proceed *in forma pauperis*, screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed Plaintiff's complaint without prejudice.  (Docs. 17 & 18.)  Judge Mehalchick dismissed Plaintiff's original complaint because it failed to comply with the requirement in Federal Rule of Civil Procedure 8(a)(2) that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  (Doc. 17, p. 2.)  Judge Mehalchick explained that Plaintiff's original complaint is the "antithesis of 'short and plain' and must be dismissed for patently failing to comply with the Rules of Civil Procedure."  (*Id.*)  However, Plaintiff's original complaint was dismissed without prejudice, and she was given leave to file an amended complaint in compliance with the memorandum opinion.  (*Id.*)  On June 17, 2026, Plaintiff filed an amended complaint.  (Doc. 19.)

Since filing her amended complaint, Plaintiff has also filed 8 motions for temporary restraining orders, Docs. 20, 21, 22, 23, 24, 29, and 32, a motion for

summary judgment, Doc. 26, an emergency motion to stay, Doc. 28, a motion to amend or correct the docket, Doc. 33, and a motion for recusal, Doc. 33.  Plaintiff also filed a notice of appeal.  (Doc. 27.)

## DISCUSSION

The court will first screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).  The court will then address the pending motions in this case.

### A. Plaintiff's Amended Complaint Will Be Dismissed With Prejudice.

The amended complaint filed for Plaintiff by Attorney Martineau does not remedy the defects identified by the court.  Far from it.  Instead, Attorney Martineau filed an amended complaint that is longer than the original.  The amended complaint is 970 pages (48 pages longer than the original).  (Doc. 19.)  The amended complaint still has 3,389 numbered paragraphs, excluding the additional paragraphs comprising the prayer for relief, and 28 claims.  (*Id.*)  Plaintiff included the original litany of defendants, but added Judge Mehalchick and "Doe Law Clerks," as well as the United States District Court for the Middle District of Pennsylvania to the amended complaint after Judge Mehalchick dismissed her original complaint without prejudice.  (*Id.*)

In flagrant disregard of the court's clear instruction to submit an amended complaint that complies with the requirement in Federal Rule of Civil Procedure 8(a)(2) that the pleading *must* contain "a short and plain statement of the claim

showing that the pleader is entitled to relief," Plaintiff filed a longer and more verbose amended complaint.  The amended complaint suffers from the same material defect that led to the dismissal of the original complaint–it unnecessarily places an "unwarranted, unjustified, and wholly unreasonable burden upon the Court and the defendants to ferret through thousands of paragraphs and pages of unspecified and unrelated complaints, arguments, and conclusory statements to determine if there are actually any facts stated that might support any cause of action over which this Court has jurisdiction." (Doc. 17, p. 3.)  As a result, this action will be dismissed.

Plaintiff is represented by counsel and already had the opportunity to cure the clearly-specified defects in the original complaint with leave to file a curative pleading.  Plaintiff, through counsel, instead filed a more egregiously non-compliant pleading.  Accordingly, the amended complaint will be dismissed with prejudice because it is clear that further leave to amend would be futile.

### B. Plaintiff's Pending Motions For Temporary Restraining Orders and Summary Judgment Are Dismissed Because There Is No Operative Complaint In This Case.

Since filing her amended complaint, Plaintiff has filed 12 motions.  The court will dismiss all of the motions for temporary restraining orders, Docs. 20, 21, 22, 23, 24, 29, & 32, and the motion for summary judgment, Doc. 26, because

these motions depend on the existence of an operative complaint.  *See*, *e.g.*, *Tunsil v. Taylor*, No. 1:25-cv-00879, 2025 WL 1872490 at \*3–4 (M.D. Pa. July 7, 2025).[1]

### C. Plaintiff's Other Pending Motions Will Be Deemed Withdrawn.

On June 24, 2026, Plaintiff filed an "emergency application for stay of court's order denying request for injunction against North Penn Legal Services to cease ongoing malpractice and take action in Grohol's case."  (Doc. 28.)  On July 2, 2026, Plaintiff filed a motion to amend or correct the docket.  (Doc. 33.)  And then, on the same date, Plaintiff filed a "motion for structural recusal of legal profession decisionmakers, creation of a federal lay adjudicator training program, appointment of a nonlawyer panel, disclosure of legal system conflicts, and application of a sports official impartiality standard."  (Doc. 34.)  Middle District of Pennsylvania Local Rule 7.5 requires a party to file a brief in support of a motion (with the exception of certain motions not relevant here) within 14 days after the filing of the motion.  The deadline for Plaintiff to file a brief in support of the first motion was July 9, 2026, and the deadline to file the briefs in support of the other motions was July 17, 2026.  No brief in support was filed with respect to

---

[1] The court is mindful that Plaintiff filed a notice of appeal from all orders entered by the court on June 9, 2026, including the order dismissing her complaint.  (Doc. 27.)  The court is entering a memorandum and order to resolve all outstanding matters in this case notwithstanding the docketed notice of appeal because Plaintiff has expressly opposed a stay in this matter in her notice of appeal.  (*See* Doc. 27, ¶ 4.)

any of these motions.  Pursuant to Local Rule 7.5, the motions are, therefore, deemed withdrawn.

## CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint will be dismissed with prejudice, nine of the pending motions will be dismissed, and the remaining three pending motions will be deemed withdrawn.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Date:  July 29, 2026